UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO:18-83 |
| WAYNE CELESTINE | SECTION "H" |

### ORDER AND REASONS

Before the Court is Defendant Wayne Celestine's Motion for Early Termination of Supervised Release (Doc. 149).

On September 16, 2024, Defendant Wayne Celestine filed a *pro se* motion requesting early termination of his term of supervised release. On May 1, 2019, the Court sentenced Defendant to 84 months imprisonment, a three-year term of supervised release, and $20,000 restitution for conspiracy to distribute drug-controlled substances outside of the scope of professional practice and conspiracy to commit money laundering. He was released from federal prison on April 18, 2023, and has served about half of his term of supervised release. Defendant contends that early termination of supervised release is appropriate because he has been in full compliance with the terms of his supervision, has paid his restitution in full, has worked to give back to his community by providing low-income housing and mentoring and tutoring youth, is self-

1

employed, and has found discipline and peace through religion. Specifically, he states that:

> Mr. Celestine respectfully suggests that unprecedented and severe economic downturn, including high inflation and interest rates, coupled with the fact that he paid his financial obligations, has no significant violation of probation, has remained gainfully employed, maintained a steady residence and family relationship, that he is a good candidate for early termination of probation. He is committed to continuing his spiritual growth and education, and to be an asset and viable member to his community.[1]

The Government has opposed his request.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[2] The district court has broad discretion in considering requests for early termination of supervised release.[3] Courts have held that early termination "is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[4]

Here, Defendant has failed to identify any "changed circumstances" warranting early termination of his supervised release. "Compliance with the

---

[1] Doc. 149.
[2] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).
[3] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).
[4] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).

terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required."[5] While Defendant's behavior and positive effects on the community are commendable, they do not rise to the level of "exceptionally good behavior" required for early termination of supervised release. Further, Defendant does not identify with any specificity how his supervision has impacted his financial situation. The Court finds that given the nature of Defendant's offense, continued supervision appropriately reflects the seriousness of his offense and satisfies the goals of public safety and deterrence.

Accordingly;

**IT IS ORDERED** that early termination of supervision is not warranted, and Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 1st day of November, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022).